Rec # 120564

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN CARLOS HERNANDEZ CRUZ,

Plaintiff,

Case:2:19-cv-10536
Judge: Cox, Sean F.
MJ: Patti, Anthony P.
Filed: 02-22-2019 At 10:30 AM
CMP JUAN CARLOS HERNANDEZ CRUZ V JE
WISH VOCATIONAL SERVICE AND COMMUNITY

vs.

Hon.

United States District Judge

JEWISH VOCATIONAL SERVICE AND
COMMUNITY WORKSHOP,

Magistrate Judge

Juan Carlos Hernandez Cruz
204 Sonia Ave.
Madison Heights, MI 48071
248-506-7636
Plaintiff – Pro Se

## COMPLAINT AND JURY DEMAND

1

Plaintiff Juan Carlos Hernandez Cruz, pro se, complains against Defendant Jewish Vocational Services, as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Juan Carlos Hernandez Cruz ("Cruz") resides in Oakland County, Michigan.

2.     Defendant Jewish Vocational Services and Community Workshop ("JVS") is a Michigan Corporation with its principal place of business in Southfield, Michigan.

3.     This Court has subject matter jurisdiction over this matter because Plaintiff's claims arises under federal law, specifically Title VII of the Civil Rights Act of 1964.

4.     This Court should exercise its supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same facts as the federal law claims, such that all claims are part of the same case and controversy.

5.     Venue is proper in the Eastern District of Michigan because the events giving rise to this case and controversy occurred in the Eastern District of Michigan and because Defendants operate their business in the Eastern District of Michigan.

6. Prior to filing this lawsuit, Plaintiff timely filed a charge of discrimination and received right to sue letter from the Equal Employment Opportunity Commission with respect the charge. See Exhibit 1 – Charge No. 471-2017-02288, dated May 22, 2017, and Exhibit 2 – Dismissal and Notice of Rights, dated November 29, 2018.

7. This suit is filed within 90 days of Plaintiff receiving the notice of right-to-sue from the EEOC.

## GENERAL ALLEGATIONS

8. Plaintiff Juan Carlos Hernandez Cruz is a United States citizen of Mexican Ancestry.

9. Cruz came to the United States in 2002 and became a United States Citizen in 2012.

10. On March 3, 2014, JVS hired Cruz as a site manager.

11. JVS is a Just Cause employer and expressly assured Cruz, both verbally and in writing, that his employment could only be terminated for just cause.

12. JVS provides contract labor services to various customers, including the federal government.

13. Cruz's duties as a site manager included, but were not limited to:

3

oversight and supervision of janitorial workers who serviced JVS's customers, prepare and maintain records including administrative, payroll, labor and quality control, inventory control, working directly with the representative of the contracting officer/agency, and assist with preparation of contract renewals and proposals.

14. During his employment with JVS, Cruz reported multiple incidents of discrimination and harassment against him by his supervisor, Jeremy Vinyard, as follows:

a. On June 2015, Cruz met with Vinyard to talk about Financial Responsibilities not included in Cruz' Job Description and was asked to perform activities that Cruz believed violate ADA Act rights of workers with disability. Specifically, JVS paid disabled employees pursuant a deviated wage, meaning they were compensated with an hourly rate that was a fraction of the required minimum wage, based on their level of capability and performance, due to their disability. These deviated wages were set based on professional time study assessments of each employee. The law was set to change to disallow deviated wages and to require payment of full minimum wages. Vinyard directed Cruz to issue as many write-ups as he could against disabled employees to justify terminating their employment before the new law took effect. Cruz refused to follow these verbal instructions and requested Vinyard to put it in writing. Vinyard became outraged

4

and started threatening Cruz. Cruz reported the incident to VP HR Teresa Schwartz. There was no resolution to Cruz' complaint.

b. In January13th, 2016 Cruz experienced Harassment for the 2nd time. Cruz was preparing his paperwork for an annual Safety Inspection from the Detroit Arsenal Army Inspector, when Jeremy Vinyard showed up to his office and demanded immediately some information of non-urgent nature. Cruz tried to explain his situation but Vinyard started harassing Cruz and threatening him that he was going to be punished or possibly terminated. Cruz got upset and tried to go outside to calm himself but Vinyard harassed Cruz by blocking his exit. Cruz had to repeat in more than 3 occasions to Vinyard that he needed to move so he could go outside to get some fresh air. Cruz reported the incident to Senior HR Specialist Laura Panoff. Laura Panoff reported the incident to VP HR Teresa Schwartz. HR Laura Panoff emailed Cruz on January 21st 2016, telling him that he could no longer complaint directly to HR and he needed to follow the chain of command. There was no resolution to Cruz' complaint.

c. In mid-February 2016, Cruz met with Jeremy Vinyard to teach him the process of Time Card's Recording. During this meeting Jeremy Vinyard commenced verbally abusing Cruz by using phrases and physical expressions that belittled and diminished Cruz's psychological state. Vinyard harassed Cruz because he had not

written up enough bad performances memos from disabled workers and after Cruz refused to comply with this illegal activity, Vinyard called him "the worst manager at JVS". Cruz continued refusing to comply with this illegal activity and requested Vinyard to put it in writing. Cruz reported the incident to VP Nancy Bogdan. There was no resolution to Cruz' complaint.

d. On March 23rd 2017, Cruz met with Jeremy Vinyard to discuss Cleaning Quality and Staffing issues. During this meeting, Vinyard became outraged and started yelling at Cruz. Cruz tried to record this conversation but Vinyard changed his approach. Cruz reported the incident to VP Nancy Bogdan and HR Melissa Sherman the following day via email (March 24th 2017).

e. On March 27th 2017, 3 days after Cruz Harassment reporting, VP Nancy Bogdan and Jeremy Vinyard met Cruz at his office to Write him up and give him a 1 day suspension for alleged wrongful behavior. Cruz followed JVS's Grievance protocol but JVS consciously ignored Cruz's requests.

f. On April 4th 2017, Cruz met with HR Melissa Sherman (Sherman) to talk about the incident from March 23rd 2017. Sherman response to Cruz was that HR does not have any records of previous Harassment complaints against Vinyard. Cruz' Harassment complaint against

6

Vinyard had no resolution.

15.    During his employment with JVS, Cruz experienced and reported multiple incidents of differential treatment based on his national origin, as follows:

a.  May 2014, Cruz was called Wet Back in front of another worker, Mattie Dandridge and Army workers. Cruz created a Memo but was dismissed by VP Nancy Bogdan.

b.  January and February 2016, Cruz witnessed and experienced in different occasions Comments that discriminated his National Origin/Color and other Worker's Color (Mattie Dandridge). Cruz reported the incidents but there was no resolution.

16.    In mid-September 2016, Cruz, who has a degree in accounting, met with his supervisor, Jeremy Vinyard to discuss JVS's contracts with the United States Army Detroit Arsenal and FAA Tower.

17.    In this conversation, Cruz reported to Vinyard that JVS was engaging in fraudulent, wasteful, and unlawful accounting activities, including misuse of government funds, and the discovery of an ADA Act employee that had been working Off the clock for more than 2 years and not getting paid for their work.

18.    Cruz told Vinyard that he was considering reporting these issues to an outside agency.

7

19. In response to Cruz's description of these concerns, Vinyard became outraged and used profanity in the meeting.

20. On February 8, 2017, Cruz filed a charge of discrimination with the EEOC and Michigan Department of Civil Rights based on gender and national origin discrimination.

21. On April 18, 2017, Cruz filed a second charge of discrimination with the EEOC and Michigan Department of Civil Rights alleging retaliation.

22. On April 26, 2017, JVS placed Cruz on involuntary administrative leave based on what it called "serious concerns."

23. On May 5, 2017, JVS terminated Cruz's employment on the grounds that he allegedly engaged in theft, sabotage, dishonesty, and misrepresentation.

24. The asserted grounds for termination are demonstrably false, and were asserted by JVS merely as a pretext for national origin and gender discrimination, and retaliation.

25. On May 22, 2017, Cruz filed a third charge of discrimination with the EEOC and Michigan Department of Civil Rights alleging retaliation based on his termination from employment.

26. The discriminatory and retaliatory treatment Plaintiff experienced caused him to experience ongoing stress, embarrassment, anxiety, tension, high

blood pressure, and depression.

27. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained, and will continue to sustain, injuries and damages, including, but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of goodwill, harm to her business reputation, loss of esteem and standing in his employment community, humiliation and embarrassment, mental and emotional distress, depression, anxiety, and loss of ordinary pleasures of life.

## COUNT I
## VIOLATION OF TITLE VII
## NATIONAL ORIGIN DISCRIMINATION AND RETALIATION

28. Plaintiff incorporates all the above allegations as if stated in full herein.

29. Under Title VII of 42 U.S.C. § 2000(e)(2), it is unlawful for an employer to discharge an individual or otherwise discriminate against an individual in employment with regards to race, or for an employer to discriminate against an individual for opposing practices made unlawful by the act, or for participating in any proceeding, investigation or hearing pursuant to the Act.

30. Plaintiff was a member of a protected class for purposes of Title VII.

9

31. Defendant was Plaintiff's employer for purposes of Title VII

32. Plaintiff was qualified for his position with Defendant.

33. Plaintiff was subjected to illegal working conditions or treatment at work, such as consistently being treated differently than, and held to a different standard than, similarly-situated white employees, and being subjected to racially discriminatory abuse and harassment by his supervisor.

34. Plaintiff's race and/or national origin was a the sole, but-for and proximate cause of Defendant's decision to terminate Plaintiff's employment.

37. Defendants had notice of the harassment directed towards Plaintiff but failed to take prompt and effective remedial action to address the harassment.

39. Plaintiff engaged in protected activity by opposing unlawful acts of discrimination and harassment through reporting and complaining of illegal acts of harassment and discrimination to Defendants and by filing charges with the EEOC and MDCR, thereby participating in an investigation, proceeding or hearing for purposes of the Act.

40. Defendant retaliated against Plaintiff because of his protected activity by terminating his employment.

42. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained, and will continue to sustain, injuries and damages,

including, but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of goodwill, harm to her business reputation, loss of esteem and standing in her employment community, humiliation and embarrassment, mental and emotional distress, depression, anxiety, and loss of ordinary pleasures of life.

43.    Defendant's acts of discrimination against Plaintiff were intentional and willful.

Accordingly, Plaintiff requests the following relief:

a. An order of reinstatement to her former position or suitable alternative position;

b. An order of the court awarding Plaintiff back pay, front pay in lieu of reinstatement, and other forms of economic compensation as permitted by law;

c. An order awarding Plaintiff punitive damages;

d. An order of the court awarding Plaintiff interest, cost and attorney's fees; and

e. An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

## COUNT II
## VIOLATION OF MICHIGAN'S
## ELLIOTT-LARSEN CIVIL RIGHTS ACT
## NATIONAL ORIGIN DISCRIMINATION AND RETALIATION

44.     Plaintiff incorporates all the above allegations as if stated in full herein.

45.     Under the Michigan Elliott-Larsen Civil Rights Act, it is unlawful for an employer to discharge an individual or otherwise discriminate against an individual in employment because of race and/or national origin.

46.     Plaintiff was a member of a protected class for purposes of the Michigan Elliott-Larsen Civil Rights Act

47.     Defendant was Plaintiff's employer for purposes of the Michigan Elliott-Larsen Civil Rights Act

48.     Plaintiff was qualified for his position with Defendant.

49.     Plaintiff was subjected to illegal working conditions or treatment at work, such as consistently being treated differently than, and held to a different standard than, similarly-situated white employees, and being subjected to discriminatory abuse and harassment by his supervisor based on race and/or national origin.

12

50. Plaintiff's race and/or national origin was a motivating factor that made a difference in Defendant's treatment of Plaintiff.

51. Defendant had notice of the harassment directed towards Plaintiff but failed to take prompt and effective remedial action to address the harassment.

53. Plaintiff engaged in protected activity by opposing unlawful acts of discrimination and harassment through reporting and complaining of illegal acts of harassment and discrimination to Defendants and by filing charges with the EEOC and MDCR, thereby participating in an investigation, proceeding or hearing for purposes of the Act.

54. Defendant retaliated against Plaintiff because of his protected activity by suspending him and terminating his employment.

55. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained, and will continue to sustain, injuries and damages, including, but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of goodwill, harm to her business reputation, loss of esteem and standing in her employment community, humiliation and embarrassment, mental and emotional distress, depression, anxiety, and loss of ordinary pleasures of life.

56. Defendant's acts of discrimination against Plaintiff were intentional and willful.

57. Accordingly, Plaintiff requests the following relief:

13

a.  An order of reinstatement to his former position or suitable alternative position;

b.  An order of the court awarding Plaintiff back pay, front pay in lieu of reinstatement, and other forms of economic compensation as permitted by law;

c.  An order of the court awarding Plaintiff interest, cost and attorney's fees; and

d.  An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

## COUNT III
## VIOLATION OF MICHIGAN PUBLIC POLICY
## WRONGFUL TERMINATION

58.  Plaintiff incorporates all the above allegations as if stated in full herein.

59.  Michigan law recognizes that some grounds for discharging an employee are so contrary to public policy as to be actionable in a claim for

14

wrongful termination.

60.     During his employment with Defendant, Plaintiff expressed his refusal to violate clearly established law and public policy including, but not limited to refusing to issue performance write ups against disabled employees, for the purpose of fraudulently establishing their "deviated wages," as well as refusing to engage in fraudulent, wasteful, and unlawful accounting activities, including misuse of government funds, and the discovery of a disabled employee that had been working Off the clock for more than 2 years and not getting paid for their work.

61.     In violation of its legal duties under Michigan public policy, Defendant terminated Plaintiff's employment because of these protected activities.

62.     Accordingly, Plaintiff requests the following relief:

   a. An order of reinstatement to his former position or suitable alternative position;

   b. An order of the court awarding Plaintiff back pay, front pay in lieu of reinstatement, and other forms of economic compensation as permitted by law;

   c. An order of the court awarding Plaintiff interest, cost and attorney's fees; and

   d. An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

15

## COUNT IV
## VIOLATION OF MICHIGAN'S PERSONS
## WITH DISABILITIES CIVIL RIGHTS ACT
## RETALIATION

63. At all relevant times, Plaintiff was an employee for purposes of Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA").

64. At all relevant times, Defendant was an employer for purposes of the PWDCRA.

65. The PWDCRA prohibits employers from retaliating against a person who has opposed a violation of the act.

66. Plaintiff opposed violations of the PWDCRA by reporting and complaining to JVS management, including Vinyard, that he would not write up disabled employees falsely in order to terminate them before a new minimum wage law took effect, after which time JVS could no longer pay a deviated wage to such workers, and by reporting that a disabled employee had worked without pay.

67. In violation of its duties under the PWDCRA, Defendant terminated Plaintiff because of his protected activities.

68. Accordingly, Plaintiff requests the following relief:

   a. An order of reinstatement to his former position or suitable alternative position;

16

b. An order of the court awarding Plaintiff back pay, front pay in lieu of reinstatement, and other forms of economic compensation as permitted by law;

c. An order of the court awarding Plaintiff interest, cost and attorney's fees; and

d. An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

## COUNT V
## BREACH OF EMPLOYMENT CONTRACT
## TERMINATION WITHOUT JUST CAUSE

69. Throughout his employment with Defendant, Plaintiff was a just-cause employee and therefore could not be terminated at-will.

70. Plaintiff's contract and/or legitimate expectation of just-cause employment is established in part through the express language of JVS's Code of Personnel Practices, which provides that "Disciplinary action shall be for just cause and is subject to appeal through Grievance Procedure."

71. On multiple other occasions, Defendant, through its executive personnel, including vice president Nancy Bogdan, assured Plaintiff that he was a

just-cause employee and that Defendant could only terminate his employment for just cause.

72.  In violation of its contractual duties to Plaintiff, Defendant terminated Plaintiff's employment without just cause.

73.  Accordingly, Plaintiff requests the following relief:

   a. An order of reinstatement to his former position or suitable alternative position;

   b. An order of the court awarding Plaintiff back pay, front pay in lieu of reinstatement, and other forms of economic compensation as permitted by law;

   c. An order of the court awarding Plaintiff interest, cost and attorney's fees; and

   d. An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor against Defendant, and award him economic and non-economic damages sustained as a direct and proximate result of Defendant's conduct, punitive damages, all other equitable and injunctive relief deemed appropriate at the time of final judgment, together with costs and interest, attorney fees, and all such other legal and equitable relief as this court deems just and proper.

18

Respectfully submitted,

Juan Carlos Hernandez Cruz

204 Sonia Ave.

Madison Heights, MI 48071

248-506-7636

DATE: 02/22/19

19

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues in this case.

Respectfully submitted,

Juan Carlos Hernandez Cruz

204 Sonia Ave.

Madison Heights, MI 48071

248-506-7636

DATE: 02/22/2019

## NOTICE OF LIMITED SCOPE ASSISTANCE

This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to Michigan Rule of Professional Conduct 1.2(b). Plaintiff received assistance from the Detroit Mercy Law Federal Pro Se Legal Assistance Clinic, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 1044, Detroit, MI 48226, 313-234-2690.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To. | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA  ☒ EEOC | 471-2017-02288 |

**Michigan Department Of Civil Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*  **Mr. Juan Carlos H. Cruz** | Home Phone *(Incl Area Code)*  **(248) 506-7636** | Date of Birth  **1975** |
|---|---|---|

Street Address      City, State and ZIP Code

**204 Sonia Avenue, Madison Heights, MI 48071**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name  **JEWISH VOCATIONAL SERVICE** | No Employees, Members  **101 - 200** | Phone No *(Include Area Code)* |
|---|---|---|

Street Address      City, State and ZIP Code

**29699 Southfield Rd, Southfield, MI 48076**

**RECEIVED**

| Name | No Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|

MAY 17 2017

Street Address      City, State and ZIP Code

**U.S. EEOC Detroit Field Office**

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-28-2017**    Latest **05-05-2017**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired by the above organization Marc 3, 2014 as a Site Manager. On February 28, 2017 and April 18, 2017 I filed charges of discrimination based on my sex (male), national origin (Mexican), and retaliation; charge numbers 23A-2017 00419 and 23A-2017-00540. On May 5, 2017 I was discharged by the Vice President and Chief Administrative Officer.

II. I was told that my discharge was due to "...theft, sabotage, dishonesty, and misrepresentation."

III. I believe I have been discharged in retaliation for engaging in protected activities, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **May 22, 2017**     Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*    05/22/17 |

21

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  Juan Carlos H. Cruz
204 Sonia Avenue
Madison Heights, MI 48071

From:  Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 23A-2017-00653 | Antoinette Coburn, State/Local Coordinator | (313) 226-4637 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Michelle Eisele_                                11/29/18

**Michelle Eisele,**                             *(Date Mailed)*
**District Director**

Enclosures(s)

cc:  **JEWISH VOCATIONAL SERVICE**
c/o David Schelberg, Attorney
McDonald Hopkins PLC
39533 Woodward, Suite 318
Bloomfield Hills, MI 48304

22

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JUAN CARLOS HERNANDEZ CRUZ

**(b)** County of Residence of First Listed Plaintiff  OAKLAND
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

204 Sonia ave  Madison Heights MI 48071
248-506-7636

**DEFENDANTS**

JEWISH VOCATIONAL SERVICE AND COMMUNITY WORKSHOP

County of Residence of First Listed Defendant  OAKLAND
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF

Case:2:19-cv-10536
Judge: Cox, Sean F.
MJ: Patti, Anthony P.
Filed: 02-22-2019 At 10:30 AM
CMP JUAN CARLOS HERNANDEZ CRUZ V JE
WISH VOCATIONAL SERVICE AND COMMUNITY

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☑ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  TITLE VII

Brief description of cause:  EMPLOYMENT DISCRIMINATION

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*  JUDGE _____ DOCKET NUMBER _____

DATE  02/22/2019

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #　　　AMOUNT　　　APPLYING IFP　　　JUDGE　　　MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)        ☐ Yes  ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :